# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

PERCY BROWN                                                                 PETITIONER

v.                                                    CIVIL ACTION NO. 3:11-CV-P16-H

MARK BOLTON                                                                RESPONDENT

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner, Percy Brown, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 (DNs 1 and 6).[1]  Petitioner explained that in August 2009 he was sentenced to five years

in prison by the Jefferson Circuit Court and that while serving that sentence, the Jefferson County

Attorney's Office lodged detainers against him on two indictments.  Petitioner stated that on

March 9, 2009, he moved the Jefferson Circuit Court for final disposition on the untried

indictments.  More than 180 days expired without the Jefferson County Attorney's Office taking

any action on his request.  On December 27, 2010, Petitioner filed a motion to dismiss for failure

to prosecute, which the state court refused to consider.  He seeks his release from the pending

charges based on a violation of his right to be tried promptly on criminal charges.

Because it appeared that Petitioner had not appealed the decision of the Jefferson Circuit

Court denying his motion to dismiss for failure to grant a speedy trial, the Court ordered

Petitioner to show cause why his petition should not be dismissed for failure to exhaust his state-

court remedies.

In response, Petitioner filed a motion to hold his petition for habeas corpus in abeyance

(DN 8).  He states that he thought exhaustion was not required for his petition because it is

pretrial.  He further states that he has now filed a petition for writ of mandamus in the Kentucky

---

[1] Petitioner initially filed this action as one under 28 U.S.C., § 2254 but amended it to be one under § 2241 when he realized that § 2241 was appropriate because he wished to challenge his pretrial detention.

Court of Appeals. He asks that this Court enter an Order holding the instant petition in abeyance while he completes his state-court remedies.

As the Court explained in its prior Order, although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, *1 (6th Cir. Nov. 16, 1993).

To the extent that Petitioner seeks dismissal of any pending state charges, federal habeas relief is unavailable. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973). And, unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

If the state courts afford Petitioner the relief he seeks, it may be unnecessary for him to resort to relief in this Court by way of a § 2241 petition. Accordingly, Petitioner's motion to hold his habeas petition in abeyance (DN 8) is **DENIED**. This action will be dismissed by separate Order. The dismissal will be without prejudice to Petitioner filing again once he has exhausted

2

his state-court remedies.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*
4412.009